UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PHILIP FRITZ, INDIVIDUALLY AND
AS A REPRESENTATIVE OF PREMIER
PAGING, INC., PREMIER PAGING OF
NEW ORLEANS, INC., AND THE
SHAREHOLDERS OF PREMIER
PAGING INC., AND PREMIER PAGING
OF NEW ORLEANS, INC.

CIVIL ACTION

VERSUS

SATELLINK PAGING, LLC

No. 03-619-RET-DLD

## NOTICE TO COUNSEL

Plaintiffs, Philip Fritz, individually and as a representative of Premier Paging, Inc., *et al.* (hereafter "Premier"), and Defendant, Satellink Paging, LLC (hereafter "Satellink"), have agreed to waive trial by jury and to submit this matter to the Court on the basis of stipulations and briefs. In the instant suit, Premier alleges that Satellink executed a Promissory Note (hereafter "the Note") payable to Premier in the amount of $860,000 and that Satellink defaulted on the Note. While considering the parties' briefs, it became evident that transfer of venue may be proper.[1]

---

[1] The Note contains a permissive forum selection clause and specifies that Georgia law shall govern:

The Maker [Satellink], and the Holder [Premier] by accepting the Note, hereby agree that the Federal Court of the Northern District of Georgia or, at the option of the Holder, the Federal District Court of the Southern District of Louisiana or any state court located in Fulton County, Georgia shall have jurisdiction to hear and determine any claims or disputes between the Maker and the holder pertaining directly or indirectly to this note or any other cause or dispute whatsoever between the Maker and the Holder of any kind or nature.

Section 1404(a) of Title 28 of the United States Code permits the discretionary transfer of a case to another district if venue is proper in the court where the action is pending.[2] The decision of whether to transfer venue is committed to the sound discretion of the district court.[3] A district court can transfer venue *sua sponte* or upon motion of any party.[4] While neither Satellink nor Premier filed a motion to transfer for improper venue, the Court is concerned that venue in the Middle District of Louisiana is improper. Therefore, the Court requests that the parties file briefs directed to the foregoing issue within fifteen (15) days of the date of this notice.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that Plaintiffs and Defendant shall file briefs directed to

---

\* \* \* \* \*

This Note shall be governed by, and construed in accordance with, the laws of the State of Georgia.

Record Document No. 37-1, Plaintiff's Exhibit A, p. 5 (capitalization omitted).

In **Von Graffenreid v. Craig**, 246 F.Supp.2d 553, 563 (N.D.Tex.2003), the Court found a nearly identical clause to be a permissive forum selection clause.

[2] 28 U.S.C. § 1404(a); see also **In re Volkswagen AG**, 371 F.3d 201 (5th Cir.2004) [hereinafter In re Volkswagen I ].

[3] See **Piper Aircraft Co. v. Reyno**, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (citations omitted); **Peteet v. Down Chem. Co.**, 868 F.2d 1428, 1436 (5th Cir.1989) (citing **Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.**, 490 F.2d 155, 158 (5th Cir.1974)).

[4] **Mills v. Beech Aircraft Corp.**, 886 F.2d 758, 761 (5th Cir.1989); **Caldwell v. Palmetto State Sav. Bank**, 811 F.2d 916, 919 (5th Cir.1987) (citations omitted) (noting "[u]nder the transfer statute, a district court may transfer a case upon a motion or *sua sponte*"); **Jarvis Christian College v. Exxon Corp.**, 845 F.2d 523, 528 (5th Cir.1988) (upholding *sua sponte* transfer of venue by district court); 15 C. Wright, A. Miller & E. Cooper, Federal Practice And Procedure § 3844 (3d ed.2004).

the issue of venue within fifteen (15) days of the date of this notice.

Baton Rouge, Louisiana, this 22nd day of December, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA